## Commonwealth v. Pierson

*Daniel J. Lawler*, for Commonwealth.
*Robert J. Hastings*, for condemnee.

FULLAM, J., April 26, 1965.—On an undisclosed date in January 1965, counsel for the property owner in this condemnation case lodged with the prothonotary a document entitled "Notice of Taking Depositions on Oral Examination under Pa. R. C. P. No. 4007(d)," advising that "the depositions of the appraisers of the Commonwealth of Pennsylvania in the above-captioned matter, Samuel Arigo and Right of Way Agent and Engineer of the Commonwealth of Pennsylvania" would be taken in Lansdale, Montgomery County, on January 25, 1965.

This notice is unusual in several respects. It is not addressed to any person or persons by name or description. The locale of the proposed depositions is in another county. Moreover, Pennsylvania Rule of Civil Procedure 4007(d) is not applicable in Bucks County, since we have not chosen to adopt local rules to implement it. Cf. Goodrich-Amram Civil Practice §4007-(d)-1. While the original of this document remains in the prothonotary's file in this case, it has not been marked "filed" and has not been docketed.

Apparently, a copy of this notice was sent to counsel for the Commonwealth, because on January 18, 1965,

counsel for the Commonwealth filed a motion for a protective order under Pa. R. C. P. 4012 (a) ; this motion, together with the property owner's answer thereto, is presently before the court for disposition.

Counsel for the property owner points out, with considerable merit, that the present motion does not set forth any facts, but merely a series of legal conclusions and general statements. However, the generality of the motion is understandable in view of the generality of the purported notice, which states "the subject matter of these depositions will be all matters relevant to the condemnation of that portion of petitioner's property, and the Commonwealth's appraisal thereof and all engineering studies relative thereto."

While the purported notice of depositions was of no legal effect and could safely have been ignored by the Commonwealth, it can probably be considered as providing a sufficient basis for the filing of the present motion for protective order and we shall therefore dispose of the motion.

Pa. R. C. P. 4011 (d) expressly prohibits any discovery or inspection which would disclose the existence or location of reports, memoranda, statements, information or other things "made or secured by any person or party in anticipation of litigation or in preparation for trial." There is substantial authority for the proposition that in condemnation cases, generally speaking, all material prepared by the Commonwealth, whether before or after the taking, is gathered in anticipation of litigation and is therefore immune from discovery: Construction of Vine Street Extension, 18 D. & C. 2d 115 (1959) ; Musulin v. Redevelopment Authority of Johnstown, 25 D. & C. 2d 267 (1961). The case of Klein v. Commonwealth, 9 D. & C. 2d 792, 795 (1956), seems to take a contrary view; but the background of that litigation was admittedly quite unusual, and the decision actually does no more than

hold that, as to some of the written interrogatories filed, it was not entirely clear on the record that the claimed immunity was applicable. In Commonwealth v. Sgarlat's Estate (No. 5), 48 Luz. 74 (1958), limited discovery was allowed in a condemnation case, but only as to matters obtained "before the institution of the instant suit and not in preparation for trial."

At the very least, in light of these authorities, it seems highly unlikely that the property owner is entitled to any discovery in the present case. It therefore appears that the depositions of the Commonwealth's appraisers and engineers should certainly not be taken.

We shall not, however, preclude the condemnees from attempting to obtain discovery as to any specific matters which they may feel, after reviewing the authorities cited above, are not protected by Pa. R. C. P. 4011(d) ; but under all of the circumstances, it seems appropriate to require that any such further attempts should be limited, at least initially, to written interrogatories, so that the applicability of R. C. P. 4011(d) can conveniently be considered if necessary.

### Order

And now, April 26, 1965, for the reasons set forth in the foregoing opinion, the Commonwealth's motion for protective order is granted and it is directed that no oral depositions be taken without leave of court; without prejudice to the right, if any, of defendant to proceed by written interrogatories.